IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLM LENDER SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN E. GIOLETTI, et al., <br><br> Defendants. | No. C 05-4212 EMC <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION TO SERVE DEFENDANT NORTH AMERICAN CAPITAL GROUP, INC. PURSUANT TO CALIFORNIA CORPORATIONS CODE § 1702(A)** <br><br> (Docket no. 22) |

Before the Court is the Ex Parte Application of Plaintiff PLM LENDER SERVICES, INC. ("PLM") to serve Defendant NORTH AMERICAN CAPITAL GROUP, INC., a California corporation, pursuant to California Corporations Code § 1702(a) and (d), by hand-delivery of the Summons and Complaint in the above-entitled action to the California Secretary of State or the California Secretary of State's assistant or deputy. The Court DENIES the Ex Parte Application for the reasons stated below.

Section 1702(a) of the California Corporations Code, applicable here pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, provides in relevant part:

//

> (a)  If an agent for the service of process . . . cannot *with reasonable diligence* be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

West's Ann. Cal. Corp. Code § 1702(a) (1990) (emphasis added).  Section 416.10 of the Code of Civil Procedure, which provides for service on corporations, refers to this section of the Corporations Code and permits "service to be made on the Secretary of State when no officer or agent of the corporation can be found within this state after diligent search." Cal. Judicial Council com., 14B West's Ann. Code Civ. Proc. § 416.10 (2004) (referring to Judicial Council comment to Section 415.50 for discussion of the term "diligent search").

The requirement that a party exercise "reasonable diligence" in attempting to locate the party to be served involves a "'thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney.'"  *Kott v. Superior Court*, 53 Cal. Rptr. 2d 215, 221 (Cal. Ct. App. 2d, 1996) (quoting Cal. Judicial Council com., 14 West's Ann. Code Civ. Proc.§ 415.50 (1973)). "'A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient.'"  *Id.*

In *Kott*, the Court of Appeal directed the trial court to grant the motion to quash service, finding that the plaintiffs filed an application for publication of summons after discovering that the defendant resided in, and was a citizen of, Canada.  The court held that the plaintiffs made no effort whatsoever to locate an address in Canada, and failed to consult obvious sources to request

2

information on the defendant's current business or residence address, such as by asking defense counsel or other defendants that had already been served, either informally or by interrogatories. *Id.* at 1138-39. *See also Wright v. Domain Service, Inc.*, 2002 U.S. Dist. LEXIS 16024 (N.D. Ill., 2002) (where plaintiff served California corporation by substituted service pursuant to Cal. Code Civ. Proc. § 416.10(d)). In *Wright,* the district court found that plaintiff had demonstrated "by various forms of documentary evidence that his diligent efforts to obtain personal service on [defendant] at any of its known places of business were unsuccessful"and obtained leave to substitute service on the Secretary of State of California. *Id.* at *5.

Here, PLM has not established in its papers that it has searched for Defendant's agent for service of process with reasonable diligence as required by the rules of service under California law. It has not discussed, for instance, what efforts it has made to locate the agent after learning that he was no longer available at the registered address.

Therefore, it is ordered that PLM's Ex Parte Application is DENIED without prejudice to renew its application to serve Defendant pursuant to Section 1702(a) of the California Corporations Code after conducting a reasonably diligent search for the registered agent for service of process, as evidenced by a declaration.

It is further ordered that PLM shall have an additional thirty (30) days to complete service of process on Defendant North American Capital Group, Inc.

**IT IS SO ORDERED.**

Dated: January 26, 2006

EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE

3